IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAWNETTE KATHLEEN GUERRERO, | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § | |
| CITY OF SAN ANTONIO, MAYOR RON NIRENBERG, IN BOTH HIS PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITY; SAN ANTONIO POLICE DEPARTMENT, CHIEF WILLIAM MCMANUS, IN BOTH HIS PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITY; DET. GINA MENDEZ, #2015, IN BOTH HER PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITY; G. MORALES, #2132, IN BOTH HIS PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITY; DET. GEORGE SILVA, #2473, IN BOTH HIS PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITY; SGT. R. CARDENAS, #3306, IN BOTH HIS PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITY; FNU SERRANO, #1741, IN BOTH HIS PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITY; FNU SMARRO, #483, IN BOTH HIS PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITY; NUMEROUS OTHER SAN ANTONIO POLICE OFFICERS, IN BOTH THEIR PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITIES; AND BEXAR COUNTY, TEXAS BY AND THROUGH ITS AGENT THE BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE JOE GONZALES, IN HIS/THEIR PROFESSIONAL/OFFICIAL AND INDIVIDUAL CAPACITIES; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | 5-23-CV-00032-OLG-RBF |
| *Defendants.* | § | |

**ORDER TO SHOW CAUSE**

Before the Court is *pro se* Plaintiff Dawnette Kathleen Guerrero's Application to Proceed in District Court Without Prepaying Fees or Costs. Dkt. No. 1. The Application was automatically referred for disposition, pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed In Forma Pauperis for the San Antonio Division of the Western District of Texas. Authority to enter this Order stems from 28 U.S.C. § 636(b)(1)(A).

Having considered the Application and documentation provided by Guerrero, the Court **GRANTS** her request to proceed *in forma pauperis* ("IFP"), Dkt. No. 1. However, Guerrero is additionally **ORDERED TO SHOW CAUSE** why this case should not be dismissed as frivolous, as discussed in more detail below.

## IFP Application

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $52.00.[1] The Court, however, may waive the initial filing fee and costs where a plaintiff submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are

---

[1] *See Fee Schedule*, W.D. TEX., https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Jan. 12, 2023).

discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).

In her Application, Guerrero declares under penalty of perjury that her only source of income is social-security-disability payments in the amount of $1,741.50 per month and that she has $5.00 in a checking or savings account. Guerrero's monthly payments for housing, utilities, food, and other expenses total $1,575.29. The Court concludes Guerrero has sufficiently shown that imposition of the full filing fee would cause an undue financial hardship.

Accordingly, **IT IS ORDERED** that Guerrero's application to proceed without prepaying court fees or costs, Dkt. No. 1, is **GRANTED**.

### Section 1915(e) Analysis

Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant enjoying immunity from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous where there is no arguable legal or factual basis for the claims. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also legally frivolous when the court lacks subject matter jurisdiction over it. *See Bibbs v. Harris*, 578 F. App'x 448 (5th Cir. Aug. 20, 2014); *Nixon v. Attorney Gen. of Tex.*, 537 F. App'x 512 (5th Cir. Jul. 31, 2013).

In evaluating whether a complaint states a claim under § 1915(e)(2)(B)(ii), courts apply the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)). These factual allegations need not be highly detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555-56.

Guerrero's Complaint names as defendants: (1) the City of San Antonio; (2) San Antonio Mayor Ron Nirenberg, in his individual and official capacities; (3) the San Antonio Police Department ("SAPD"); (4) the Bexar County District Attorney's office and Joe Gonzales, in his official and individual capacities; and (5) various individual named SAPD officers and numerous other SAPD officers in their professional and individual capacities. The Complaint brings claims via 42 U.S.C. § 1983, alleging violations of the Fourteenth, Sixth, Eighth, and Fourth Amendments.

### A.   Each of Guerrero's Claims Appears Time-Barred and Otherwise Fails to State a Claim.

Each of Guerrero's claims is brought via 42 U.S.C. § 1983 and asserts one of various federal constitutional violations. *See* Compl. at 2, 9-11. Claims brought under § 1983 are subject to the statute of limitations period governing personal injury actions in the state in which the claims are filed. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). In Texas, the applicable statute of limitations period is two years. *Id.*, Tex. Civ. Prac. & Rem. Code § 16.003(a). The statute of limitations period is calculated starting from when the plaintiff becomes "'aware that [s]he has suffered an injury or has sufficient information to know that [s]he has been injured.'" *Redburn*, 898 F.3d at 496 (brackets added and quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 516 & n.10 (5th Cir. 1995)).

All of the factual allegations in the proposed complaint, with the exception of the final dismissal of the state criminal case against Guerrero, concern events that occurred more than two years before the IFP application and proposed complaint were filed on January 9, 2023. *See generally*, Compl. at 3-8. The second cause of action in the proposed complaint alleges a violation of the Fourteenth Amendment and Eight Amendment, as well as what seems to be a Fourth Amendment violation. *See id*. at 10-11. Guerrero claims no warrant was produced during three arrests that took place in 2018 and 2019. She also claims she was subject to excessive fines and bail as well as cruel and unusual punishment stemming from her detainment in the Bexar County Adult Detention Center from August 2019 to January 2020. The third cause of action involves Fourth Amendment claims based on an allegedly unlawful seizure and excessive use of force when Guerrero was handcuffed by police in August of 2019. *See id*. at 6, 11. Each of these claims is time-barred because the injuries alleged all occurred more than two years before the filing of the complaint.

The first cause of action appears to be based on alleged violations of the Fourteenth and Sixth Amendments, specifically violations of the rights to a speedy trial and to effective assistance of counsel. *See* Compl. at 9-10. These allegations apparently emanate from a state court action brought against Guerrero sometime around April of 2019. Pursuant to these proceedings, Guerrero alleges she was detained in the Bexar County Adult Detention Center and underwent a psychiatric evaluation performed in October of 2019. *See id.* at 6, 9-11. She alleges she was released from the detention center on January 12, 2020. *Id*. at 7. A hearing on the matter was held on March 2, 2020. *See* Compl. Ex. 19, Compl. at 7. It seems her case never went to trial, and the case was dismissed in October of 2021. Compl. at 8. Again, because most, if not all, of the events underpinning the claim happened over two years ago, the claims are likely time

barred. Moreover, it is near impossible for the Court to determine whether the statute of limitations has run as to all of Guerrero's complaints about this series of events because she has not provided a lucid, complete timeline of events.

It is further not clear specifically which defendants Guerrero seeks to lodge these claims against or how her right to a speedy trial or effective assistance of counsel are implicated by her description of events. If she was convicted of something in state court and seeks to overturn that conviction, the more appropriate avenue for relief would have been a direct appeal from that conviction. *See, e.g.*, *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 384 (5th Cir. 2022) (explaining that "the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress" and that "*Rooker-Feldman* [further] prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision" (quotations omitted)). Regardless, it is unlikely Guerrero can state a claim based on the facts alleged. The right to a speedy trial must be asserted during the pendency of the proceedings. *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986) (finding defendant's moving for dismissal on speedy trial grounds was not alone sufficient to establish defendant appropriately asserted Sixth Amendment right), *Barker v. Wingo*, 407 U.S. 514, 531 (1972). To succeed on an ineffective-assistance-of-counsel claim, a defendant must show their counsel fell below an objective standard of reasonableness and that the ineffective assistance of counsel was prejudicial to the defendant. *Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). Since Guerrero seemingly got a positive result in her case, dismissal of the charges before it went to trial, it is unlikely she can assert a claim for ineffective assistance of counsel.

To avoid dismissal of her claims for frivolousness, Guerrero must (1) specify which claims pertain to which defendants, (2) specify what events led to the alleged violation of her rights, the injury she suffered as to each alleged violation, and when each injury occurred, and (3) provide sufficient details about the state case and how her right to a speedy trial and effective assistance of counsel were violated, given that the facts as alleged indicate the case was dismissed.

For those reasons, **IT IS ORDERED** that within **thirty (30) days** from the date of this Order, Guerrero shall show cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a non-frivolous claim upon which relief may be granted. Guerrero's response to this Order shall not exceed 10 pages, **inclusive of any exhibits**. In her response, Guerrero must clearly and succinctly state her claims against each named defendant and provide dates specifying when the alleged injuries occurred. Guerrero shall then include the following declaration at the end of her response to this Order:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this _____ day of _____2023.
>
> _____
> Signature of Plaintiff

If Guerrero fails to follow these instructions, the Court can dismiss this case for failure to prosecute or comply with a Court order. *See* Fed. R. Civ. P. 41(b). If Guerrero does not wish to file a more definite statement, she may request voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

**Conclusion**

**IT IS ORDERED** that Guerrero's IFP Application, Dkt. No. 1, is **GRANTED**. Guerrero's proposed complaint shall be filed by the Clerk without prepayment of fees, costs, or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that service of Guerrero's Complaint is **STAYED** until the Court receives and reviews Guerrero's response to this Order and orders service to be had.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of this Order, Guerrero shall file a more definite statement or otherwise show cause why her Complaint should not be dismissed under 28 U.S.C. § 1915(e) for failure to state a non-frivolous claim upon which relief could be granted. Guerrero's response to this Order shall not exceed 10 pages in length, inclusive of any exhibits.

**IT IS FINALLY ORDERED** that the Clerk shall send a Copy of this Order to Guerrero by regular mail, and certified mail, return receipt requested.

**IT IS SO ORDERED**.

SIGNED this 23rd day of February, 2023.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE